Heinitsh v. Wachovia Bank, 2007 NCBC 18

| STATE OF NORTH CAROLINA | | IN THE GENERAL COURT OF JUSTICE |
| --- | --- | --- |
| | | SUPERIOR COURT DIVISION |
| COUNTY OF HENDERSON | | 04 CVS 734 |

BEULAH R. HEINITSH,       )
                                  )
           Plaintiff,     )
                                  )
  v.                            )

ORDER ON PETITION BY
WACHOVIA BANK, NATIONAL
ASSOCIATION f/k/a FIRST UNION
NATIONAL BANK, N.A. FOR
AWARD OF COSTS

WACHOVIA BANK, NATIONAL
ASSOCIATION f/k/a FIRST UNION
NATIONAL BANK, N.A., AGNES H.
WILLCOX, JOHN S. HEINITSH,
ISABEL H. NICHOLS, and REGINALD
D. HEINITSH, JR.,

          Defendants.

{1}    This case arises out of Plaintiff's suit for declaratory judgment, breach of fiduciary duty, and unfair and deceptive trade practices against Defendants. This matter comes before the Court on Defendant Wachovia's Petition for Award of Costs.

{2}    After considering the briefs and oral arguments, the Court GRANTS Defendant Wachovia's Petition for Award of Costs and in its discretion under section 6-21(2) of the General Statutes of North Carolina finds that Defendant Wachovia is entitled to reimbursement of previously incurred costs to include fees in the amount of $261,141.30 and expenses in the amount of $38,692.61.

     *Smith Moore LLP by Larry B. Sitton and Manning A. Connors for Plaintiff Beulah R. Heinitsh.*

     *Bell, Davis & Pitt, P.A. by James R. Fox and Kevin G. Williams for Defendant Wachovia Bank, National Association f/k/a First Union National Bank, N.A.*

     *Adams Hendon Carson Crow & Saenger, P.A. by Martin K. Reidinger and Gregory S. Hilderbran for Defendants Agnes H. Willcox, John S. Heinitsh, and Isabel H. Nichols.*

Tennille, Judge

# I.

## PROCEDURAL BACKGROUND

{3}     The general procedural background of this matter is set forth in detail in the Court's Order on Motions for Summary Judgment, filed simultaneously with this Order.   Defendant Wachovia filed a Petition for Award of Costs on December 30, 2005 and filed a Supplement to Fee Petition on January 6, 2006.  The Court heard oral arguments on the Petition on April 13, 2006.

# II.

## FACTUAL BACKGROUND

### A.

### THE PARTIES

{4}     Plaintiff Beulah R. Heinitsh is a resident of Transylvania County, North Carolina.

{5}     Defendant Wachovia Bank, National Association f/k/a First Union National Bank, N.A. ("Wachovia") is a national banking association with its principal place of business in Mecklenburg County, North Carolina.

{6}     Defendant Agnes H. Willcox is a resident of Transylvania County, North Carolina.

{7}     Defendant John S. Heinitsh is a resident of Transylvania County, North Carolina.

{8}     Defendant Isabel H. Nichols is a resident of Transylvania County, North Carolina.

{9}     Defendant Reginald D. Heinitsh, Jr. ("Reg., Jr.") is a resident of Transylvania County, North Carolina.

{10}    Plaintiff is the widow of Reginald D. Heinitsh, Sr. ("Reg., Sr.").

{11}    Defendants Willcox, John Heinitsh, Nichols, and Reg., Jr. ("the children") are the children of Reg., Sr. and Isabel Sloan Heinitsh ("Isabel").

### B.

### FACTS

{12}    A detailed statement of the facts of this case can be found in paragraphs 16–28 of the Court's Order on Motions for Summary Judgment.

III.

PETITION FOR AWARD OF COSTS

A.

TRUSTEE'S AUTHORITY TO DELEGATE AND LIABILITY FOR LITIGATION COSTS

{13}  In years past, the law frowned upon delegation of management and investment responsibilities from trustees to others.  The "nondelegation rule" imposed on the trustee "a duty to the beneficiary not to delegate to others the doing of acts which the trustee can reasonably be required personally to perform."  Restatement (Second) of Trusts § 171 (1959); *see also* John H. Langbein, Tribute to William F. Fratcher, *Reversing the Nondelegation Rule of Trust-Investment Law*, 59 Mo. L. Rev. 105 (1994).    The Prudent Investor Rule of the Restatement of Trusts (Third) rejected the nondelegation rule.    The Restatement (Third) approach approves of delegation and requires a trustee to "act with prudence in deciding whether and how to delegate authority."  Restatement (Third) of Trusts § 227(c)(2) (1992).  North Carolina's version of the Uniform Trust Code adopts this approach, providing that "[a] trustee may delegate duties and powers that a prudent trustee of comparable skills could properly delegate under the circumstances."  N.C. Gen. Stat. § 36C-8-807 (2005).  The trustee has a duty of reasonable care and caution in selecting the agent, establishing the terms of the agency relationship, and monitoring the agent's activities.  *Id.* § 36C-8-807(a)(1)–(3).  The policy favoring delegation recognizes that trustees often face complex legal, investing, and accounting decisions.  It is in the best interests of all parties to a trust that these decisions be made with the advice and assistance of experienced professionals.

{14}  Since trustees hire agents to help them carry out their duties for the benefit of the trust, trustees are not expected to bear the expenses incurred in the hiring of agents.  *Id.* § 36C-7-709 official cmt.  This is an outgrowth of the general principle that "[a] trustee is entitled to be reimbursed out of the trust property for expenses properly incurred in the administration of the trust . . . ."  *Id.* § 36C-7-709; *see also* 76 Am. Jur. 2d *Trusts* § 564 (2006).

{15}  Applying these general principles to the issue of litigation costs and attorneys' fees, commentators note that "a trustee may use trust funds to pay for legal advice regarding the trust administration and may recover attorney's fees and costs incurred in carrying out purposes of the trust, including all reasonable expenses incurred in the trust's management or protection . . . ."  76 Am. Jur. 2d *Trusts* § 572.  In order to be recoverable by the trustee, such fees and expenses

must be for the benefit of the trust. If they are solely for the benefit of the trustee, the trustee may have to bear the expense. *Id.* This issue arises, for example, when a trustee incurs legal bills associated with defending himself against charges of maladministration by trust beneficiaries. If a trustee has breached his duties to the beneficiaries, he cannot look to the trust property to pay for his defense. On the other hand, "[a] trustee is entitled to look to the trust fund for the reasonable cost of making a successful defense against charges of maladministration brought against him or her without fault on his or her part." 90A C.J.S. *Trusts* § 398 (2007). When a trustee acts in good faith and is not at fault in the events leading to charges of maladministration, he may recover the costs of defending himself from the trust property.

{16} In North Carolina, the decision as to whether to tax such costs and fees against the trust is within the discretion of the trial court. In "any action or proceeding which may require the construction of any will or trust agreement, or fix the rights and duties of parties thereunder," the costs "shall be taxed against either party, or apportioned among the parties, in the discretion of the court." N.C. Gen. Stat. § 6-21(2). The statute goes on to clarify that "[t]he word 'costs' as the same appears and is used in this section shall be construed to include reasonable attorneys' fees in such amounts as the court shall in its discretion determine and allow . . . ." *Id.* § 6-21.

B.

ANALYSIS

{17} Wachovia was trustee of the Trusts at issue here. The Trusts were a minority shareholder in Lake Toxaway Company ("LTC"). Reg., Jr. was the majority shareholder. LTC changed its business model from a real estate development company to a real estate brokerage company. This change in business practices generated far more income than LTC had realized in the past or projected to earn in the future. After consulting with legal and accounting professionals, Wachovia concluded that part of the distributions for 2000–2003 should be characterized as principal. That decision led to a dispute between the income and remainder beneficiaries which ultimately resulted in the filing of a declaratory judgment action by the income beneficiary, Beulah Heinitsh. Beulah Heinitsh also filed claims for breach of fiduciary duty and unfair and deceptive trade practices against Wachovia.

{18} In response to the filing of the lawsuit, Wachovia as trustee engaged the services of Bell, Davis & Pitt, P.A., and Johnston, Allison & Hord, P.A. to advise on both the declaratory judgment and the maladministration claims. As trustee, Wachovia had the authority to delegate

responsibility for handling the litigation to these attorneys. Institutional trustees, such as Wachovia, may have less of a need to delegate authority than individual trustees because of the presence of legal, accounting, and financial professionals within their organization. However, institutions often rely on the expertise and experience of outside law firms when litigation arises, rarely using their internal legal personnel to handle such matters. In light of this practice, it was prudent for Wachovia to engage outside legal counsel to provide advice and assistance.

{19} The complaint in this action raised two sets of claims. The first was a declaratory judgment claim in which Beulah Heinitsh asked the Court to declare that the distributions were income and should have been distributed to her. The second alleged (1) breach of fiduciary duty and (2) unfair and deceptive trade practices against Wachovia as trustee. These are maladministration claims against the trustee based on its decision to characterize the LTC dividends as principal and place the Retained Funds in a money market account until the dispute over their proper characterization could be resolved.

{20} The Court notes that at the time Wachovia was faced with the issues arising under the trusts, it had ongoing responsibilities and future obligations to manage the trusts. In light of the history of litigation in this family, it was prudent to get advice and proceed with caution.

1.

DECLARATORY JUDGMENT CLAIM

{21} Wachovia is entitled to be reimbursed for any costs arising out of the declaratory judgment claim because this issue clearly falls within the category of "trust administration," and trustees are "entitled to be reimbursed out of the trust property for expenses properly incurred in the administration of the trust." *See* N.C. Gen. Stat. § 36C-7-709. In response to Wachovia's fee petition, the children argue that Wachovia had no stake in the outcome of the declaratory judgment action and that the trustee's obligation was to simply hold the disputed assets until the Court directed how they were to be distributed. The Court disagrees with the proposition that Wachovia's role as trustee in this litigation should have been passive. As trustee, Wachovia had a duty to protect the interests of all parties, including the grantor, the income beneficiary, and the remainder beneficiaries. As explained in more detail below, the billing records submitted with the fee petition indicate that the activities undertaken by Wachovia's agents were in line with these duties.

{22} In early 2003, counsel spent considerable time familiarizing themselves with this matter and its history. This was necessary in order for counsel to gain an understanding of the issues and effectively advise and act on behalf of the trustee. The facts underlying this case are complicated. There is a long history of litigation within the Heinitsh family. These disputes have produced a number of contracts, a will, and two trusts. As the Court recognizes from its own experience in reviewing the materials from this case, significant time and effort is required to comprehend the facts and legal issues.

{23} Following this initial phase of the case, the trustee and the beneficiaries agreed that an early mediation would be in the best interests of all the parties. Counsel for the trustee spent significant amounts of time in the spring and summer of 2003 preparing for mediation. Wachovia was responsible for orchestrating the informal discovery process necessary to conduct a meaningful settlement conference. Wachovia identified and gathered much of the information and dealt with the disputes that arose. Counsel also spent time preparing for and participating in the mediation. Wachovia drafted a protective order and retained an expert to develop settlement scenarios and advise the parties of their likely tax consequences. The siblings argue that they were represented by experienced litigation counsel and that the efforts of the trustee's counsel were not needed and were ultimately of no benefit to anyone. However, as trustee, Wachovia was uniquely suited to carry out these tasks. Unlike the individual beneficiaries' counsel, Wachovia had a legal duty to represent the interests of all parties. The trustee was a natural intermediary between two vigorously opposed groups and an essential participant in the mediation process. The children were correct in their observation that Wachovia had no stake in the outcome of the declaratory judgment action. Whether the funds were income or principal was of no consequence to Wachovia. But it is precisely this fact which made Wachovia's participation in the process so important. Simply because Wachovia was indifferent to the outcome of the dispute did not mean there was not a role for them to play in the litigation.

{24} The siblings also complain that Wachovia's counsel spent too much time completing certain tasks. After reviewing the billing records, the Court finds that the time spent was reasonable given the complexity of the work facing the trustee. As noted above, the trustee did not have the luxury of only representing the interests of one party. Rather, it had to consider the consequences for all parties. This case involves complex matters of trust, corporate, and tax law. Underlying all of this is a family with a contentious history of litigation lasting more than twenty

years.  Given these facts, the Court believes the time and effort expended on behalf of the trustee were reasonable and necessary to proper administration of the trust.  These expenses were properly incurred in the administration of the trust, and Wachovia is entitled to be reimbursed out of the trust property under section 36C-7-709.

## 2.

## MALADMINISTRATION CLAIMS

{25}  The children argue that fees related to the second set of issues—the maladministration claims against Wachovia—are not recoverable because they cannot be considered "trust administration" activities.  The Court notes that it must proceed with caution.  Trustees are not always entitled to recover their litigation related expenses from trust property.  If the expenses were related to services that were only of benefit to the trustee and not to the trust, then the trustee will not be entitled to reimbursement of those expenses.

{26}  The Court finds that in this case, Wachovia is entitled to reimbursement of its litigation related expenses on the maladministration claims.  Beulah Heinitsh's claims for breach of fiduciary duty and unfair and deceptive trade practices did not arise independent of the dispute over the LTC dividends.  Rather, the maladministration claims came about as a direct result of the dispute over the funds and Wachovia's response to it.  But for the dispute, the claims would not have arisen.  This is not a case of a trustee randomly engaging in some sort of fraud or other mismanagement that prompts a beneficiary to file a lawsuit alleging breach of fiduciary duty against the trustee.  Here, Wachovia did not do anything in bad faith to bring about the events which precipitated the maladministration claims.  In having to choose whether to characterize the LTC dividends as either income or principal, Wachovia found itself sailing between Scylla and Charybdis.  As counsel mentioned at oral argument, the trustee felt it was facing a lawsuit no matter what its decision.  (Mot. Hr'g Tr. 19:21–23, Apr. 13, 2006.)  A decision to characterize the dividends as income was likely to raise the ire of the remaindermen, just as the decision to characterize the dividends as principal resulted in this action by the income beneficiary.  As the Court found in ruling for Wachovia on summary judgment, the trustee did not act in bad faith.

{27}  The Court has dismissed the maladministration claims against Wachovia, finding there to be no genuine issue of material fact as to the trustee's breach of fiduciary duty.  The Court relies on the principle that "[a] trustee is entitled to look to the trust fund for the reasonable cost of making a successful defense against charges of maladministration brought against him or her

without fault on his or her part." *See* 90A C.J.S. *Trusts* § 398. Wachovia was without fault in these events. They were caught in the middle of a dispute, attempted a solution, and were sued by the party who suffered financial loss by virtue of that solution. The trustee should not have to bear its own expenses in defending against claims arising out of a situation it did not create.

{28} Under section 6-21(2) of the General Statutes, the Court has discretion to tax costs, including attorneys' fees, to either party in an action which may require the fixing of rights and duties under a trust agreement. The central issues in this case involve determining the rights and duties of parties to the Trusts. Indeed, the Plaintiff asked the Court to declare to the trustee exactly what its duties were with respect to the Retained Funds, and whether they should be allocated to principal or income.

{29} For these reasons, the Court orders that the trustee be reimbursed for fees in the amount of $261,141.30 and costs in the amount of $38,692.61 out of the trust property.

III.

CONCLUSION

{30} Based on the foregoing, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant Wachovia's Petition for Award of Costs is granted. Defendant Wachovia is entitled to reimbursement of previously incurred costs to include fees in the amount of $261,141.30 and expenses in the amount of $38,692.61.

IT IS SO ORDERED, this the 11th day of June, 2007.